614 S.E.2d 609

## EX PARTE SOUTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellant,

In re State Farm Mutual Automobile
Insurance Company, Plaintiff,

v.

Justin Jackson, a minor under the age of fourteen (14) years; Paul M. Jackson, III, a minor under the age of fourteen (14) years; Tesa K. Jackson, a minor under the age of fourteen (14) years; Joseph Rakes, a minor under the age of fourteen (14) years; and Nikkia Rakes, a minor under the age of fourteen (14) years, Respondents.

No. 25852.

Supreme Court of South Carolina.

Heard June 24, 2003.

Decided Aug. 9, 2004.

Reheard Jan. 20, 2005.

Refiled June 6, 2005.

George R. Burnett, South Carolina Department of Health and Human Services, of Columbia, for Appellant.

Patricia Logan Harrison, of Columbia, for Respondents.

Chief Justice TOAL:

This case was certified for review pursuant to SCACR 204(b). After hearing oral arguments, this Court issued an opinion affirming the trial judge's decision to distribute insurance proceeds into Special Needs Trusts for the injured children and to grant the South Carolina Department of Health and Human Services ("Medicaid") a right to the pro-

ceeds upon the children's death. *Ex Parte: South Carolina Dep't of Health and Human Services,* Op. No. 25529 (S.C. Sup.Ct. filed August 9, 2004) (Shearouse Adv. Sh. No. 31 at 42). We subsequently granted Medicaid's petition for rehearing, and following rehearing, we withdraw our prior opinion and substitute it with this opinion. For a different reason than in our prior opinion, we affirm the trial judge's decision.

## FACTUAL / PROCEDURAL BACKGROUND

Five fourteen-year-olds were injured in a single-car automobile accident in 1999. The children were treated for their injuries, which were minor for Paul Jackson, Joseph Rakes, and Tesa Jackson and extensive for Justin Jackson (Justin) and Nikkia Rakes (Nikkia).[1] Medicaid paid $92,494.18 of approximately $183,000 in medical costs for Justin, and it paid $28,911.71 of approximately $105,000 in costs for Nikkia.

State Farm Insurance Company (Insurer) filed an interpleader action, asking the court to "allocate the allegedly available insurance proceeds" among the five children.[2] In total, the driver's policy consisted of a $50,000 liability policy and two $50,000 underinsured motorist policies. At the hearing, Medicaid appeared and argued that it was to be reimbursed before the proceeds could be paid to the children.

The trial judge ruled that the proceeds from the underinsured policies were not subject to subrogation and assignment, and therefore, Medicaid only had a claim to the $50,000 in proceeds stemming from the liability policy. The judge then distributed the available funds among the five children, placing the proceeds for Nikkia and Justin into Special Needs Trusts[3] for their benefit during their lifetime. In addition, the judge noted that Medicaid would be permitted, upon the children's deaths, to recover any proceeds remaining in the trusts. Finally, the trial judge awarded Medicaid $6,000,

---

1. Justin suffered a closed-head injury, which resulted in major brain damage. He is confined to a wheelchair. Nikkia suffered a spinal injury and will never walk again.

2. Although Insurer offered to pay the proceeds, Insurer specifically denied liability throughout the complaint.

3. A Special Needs Trust is a type of trust permitted under federal law pursuant to 42 U.S.C. 1396p(d)(4)(A) (2000).

representing one-third of the liability insurance proceeds given to the other three children.[4]

Medicaid appealed and raised the following issue for review: Did the trial judge err in placing the insurance proceeds into Special Needs Trusts before satisfying Medicaid's claim to those proceeds?

## LAW/ANALYSIS

■ Medicaid argues that the trial judge erred in placing the insurance proceeds into Special Needs Trusts before satisfying Medicaid's claim to those proceeds. We disagree. Because Medicaid was unable to establish that it had obtained an enforceable assignment of rights, Medicaid was not immediately entitled to the proceeds.

In order to receive Medicaid benefits, an individual must "assign the State any rights, of the individual or of any other person who is eligible for medical assistance ... and on whose behalf the individual has the legal authority to execute an assignment of such rights, to support ... and to payment for medical care from any third party." 42 U.S.C. § 1396k(a)(1)(A) (2000). Under South Carolina statutory law, such an assignment of rights is automatic. *See* S.C.Code Ann. § 43–7–420(A) (Supp.2002) (providing that "[e]very applicant or recipient, only to the extent of the amount of medical assistance paid by Medicaid, *shall be deemed* to have assigned his rights to recover") (emphasis added). Federal law, however, provides the following safeguard: "[i]f assignment of rights to benefits is automatic because of State law, the [state agency] may substitute such an assignment for an individual executed assignment, *as long as the [state agency] informs the individual of the terms and consequences of the State law.*" 42 C.F.R. § 433.146(c) (emphasis added).

In the present case, Medicaid admitted that it did not have a written assignment of rights.[5] In addition, there is no

---

**4.** No issue was raised regarding the proceeds given to the other three children.

**5.** We do not, as the dissent suggests, hold that an assignment of rights must be in writing. We merely note that there is no evidence in the record that Medicaid obtained a written assignment. At oral argument

evidence in the record that Medicaid informed the recipients of the consequences of receiving treatment covered by Medicaid. In fact, at the rehearing before this Court, counsel for Medicaid confirmed that there was no evidence that a written assignment had been made or that the recipients had otherwise been informed of the law. Due to the lack of evidence that a valid assignment, whether actual or constructive, was obtained, we hold that Medicaid did not have an immediate right to the proceeds. Therefore, the trial judge's decision to place the proceeds in the trusts before reimbursing Medicaid was proper.

■ Under the terms of a Special Needs Trust, however, Medicaid is entitled to receive any funds remaining in the trusts upon the death of Justin and Nikkia. *See* 42 U.S.C. § 1396p(d)(4)(A) (2000) (providing that "the State will receive all amounts remaining in the trust upon the death of [an individual under age 65 who is disabled] up to an amount equal to the total medical assistance paid on behalf of the individual under [Medicaid]"). Therefore, the trial judge properly found that Medicaid had a right to the proceeds remaining in the trusts upon the children's death.

## CONCLUSION

Based on the absence of an enforceable assignment of rights, we affirm the trial judge's decision to place the insurance proceeds into Special Needs Trusts before reimbursing Medicaid. Medicaid is, however, entitled to receive any funds remaining in the trusts upon the children's death. Therefore, we affirm the trial judge's decision in result.

MOORE and WALLER, JJ., concur.

PLEICONES, J., dissenting in a separate opinion in which BURNETT, J., concurs.

---

before this Court, counsel for Medicaid stated that it was Medicaid's *practice* to obtain assignments of rights in writing, which in our view makes sense, particularly in cases such as this one, where the recipients are minors.

Justice PLEICONES dissenting:

As I understand Medicaid, a prerequisite to enrollment in the program is the assignment of third party medical benefits. In the case of minors such as Justin and Nikkia, the assignment is to be made by the individual with the legal authority to execute such an assignment on the minor's behalf. I can find no statutory requirement that the assignment be written, as the majority suggests is necessary. Further, given that the assignment issue was not litigated below, it is not surprising that the record contains no evidence concerning compliance. I therefore respectfully dissent from the majority's decision to affirm at this juncture, and would remand to allow this issue to be explored.

BURNETT, J., concurs.